FILED

2020 Jul-08  AM 08:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| PATRICIA BILLINGSLEY,<br>individually and on behalf of<br>JEROME BILLINGSLEY, an<br>incompetent adult,<br><br>                  Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CASE NO.: _____<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFFS' COMPLAINT

**Come Now** the Plaintiffs, Patricia Billingsley, individually and on behalf of Jerome

Billingsley, an incompetent adult, and file Plaintiffs' Complaint against the United States of

America, its officers, agents, employees, and representatives (Defendant) and respectfully state

unto the Court the following:

### PARTIES, JURISDICTION, SERVICE OF PROCESS, & VENUE

1.    The Plaintiffs, Patricia Billingsley and Jerome Billingsley, who are married to each

other and over the age of twenty-one years, have lived and resided in the City of Birmingham,

Jefferson County, State of Alabama, for more than six months prior to the bringing of this

Complaint.

2.    The Defendant is the United States of America, its officers, agents, employees, and

representatives.

3.    This Federal District Court has jurisdiction of this cause because this action is brought

pursuant to and in compliance with 28 U.S.C. §§ 1346(b), 2671-80, commonly known as the

Federal Tort Claims Act (FCTA), which vests exclusive subject matter jurisdiction of Federal

Tort Claims in the Federal District Court.

  4 The United States may be served with process in accordance with Rule 4(1) of the

Federal Rules of Civil Procedure by servicing a copy of the Summons and Complaint on the

United States Attorney Jay E. Town, United States Attorney for the Northern District of

Alabama, by certified mail, return receipt requested at his office:

> United States Attorney,
> Northern District of Alabama
> Civil Division, Process Clerk
> United States Attorney's Office
> 1801 4th Avenue North
> Birmingham, AL 35203

and by serving a copy of the Summons and Complaint on William Barr, Attorney General of the

United States, by certified mail, return receipt requested, at the Attorney General's Office:

> William Barr
> Attorney General of the United States
> U.S. Department of Justice
> 950 Pennsylvania Avenue, N.W.
> Washington, D.C. 20530-0001

  5. Venue is proper in this district pursuant to 28 U.S. C. § 1391(e), as the United States

is a Defendant, and Plaintiffs Patricia Billingsley and Jerome Billingsley reside in this district.

Further, venue is proper in this district pursuant to 28 U.S.C. § 1391(e), as the United States is a

Defendant and the events or omissions giving rise to the claim occurred in this district.

## LIABILITY OF THE UNITED STATES OF AMERICA

  6. This case is commenced and prosecuted against the United States of America

pursuant to and in compliance with 28 U.S.C, §§ 2671-80, commonly referred to as the Federal

Tort Claims Act.   Liability of the United States is predicated specifically on 28 U.S. C. §§

1346(b)(1) and 2674 because the personal injuries and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts or omissions of employees of the United States of America at the Birmingham VA Medical Center, in Birmingham, Alabama, while acting within the scope of their office or employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual.

## JURISDICTIONAL PREREQUISITES

7.   Pursuant to 28 U.S.C.  §§ 2672 and 2675(a), Plaintiffs filed their claims with and timely presented it administratively to the Defendant's agency, the Department of Veterans Affairs.  During the pendency of their claim Plaintiffs and the Defendant attempted to settle the claim, but the Defendant proposed an unsatisfactory amount and has failed or refused to respond to the Plaintiffs' counter offer extended to the Defendant on June 30, 2020, leaving the Plaintiffs with no choice other than to file this lawsuit against the Defendant.  Less than six months have passed between the Defendant's lack of response to Plaintiffs' counter offer to settle their claim and the filing of this Original Complaint.  Accordingly, Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

## AGENCY, EMPLOYMENT & SCOPE

8.   The Department of Veteran Affairs is an agency of the United States of America. Thus, the Defendant herein, through its agency (Department of Veteran Affairs), is at all times material, owned, operated and controlled the health care facilities known as the Birmingham VA Medical Center, in Birmingham, Alabama, and through its agency, the Department of Veteran Affairs, staffed said health care facilities with its officers, agents, servants, or employees.

9.   At all relevant times, all persons involved in the medical and health care services provided to Jerome Billingsley at the Birmingham VA Medical Center in Birmingham, Alabama, were officers, agents, servants, or employees of the Department of Veteran Affairs, the United States of America, or some agency thereof, and were at all relevant times, acting within the course and scope of such employment.

## FACTS

10.   On July 9, 2018, while at home Jerome Billingsley was acting very disoriented, confused and slurring his words.  His son who was there with him at the time, became very concerned about his condition and called paramedics. The paramedics arrived at the Billingsley's home and determined that Mr. Billingsley's glucose levels were highly elevated and he needed to seek immediate medical attention.  Because the Birmingham VA Medical Center was very familiar with Mrs. Billingsley's medical history as a veteran, he was taken to that VA Medical Center and admitted.  Mrs. Billingsley, who was in a hospital in Georgia due to an automobile accident, spoke with her husband's primary care provider, Dr. Boli of the VA Medical Center in Birmingham, and they concluded that it was best to keep her husband at the VA Medical Center until she was released from the hospital in Georgia.  Mrs. Billingsley also informed Dr. Boli that her husband needed a sitter given her husband's condition, because without a sitter he might walk away.  She was informed that he would have a sitter who would watch her husband.  Mr. Billingsley was admitted in a hospital room with a sitter.  At some later time, a nurse came in the room and told the sitter that Mr. Billingsley was being discharged.  Upon hearing that communication and before Mr. Billingsley was taken out of the room, the sitter left the room, leaving Mr. Billingsley alone in spite of his condition.  Under those circumstances and during that time period, Mr. Billingsley who was disoriented, confused and suffering from other

ailments, walked away from the VA Medical Center in Birmingham.

11.   Mrs. Billingsley, who was unaware of her husband's disappearance returned to Birmingham and the following Monday, she went to the VA Medical Center to get her husband. To her disbelief she discovered that her husband was missing from the VA Medical Center, although she initially was told by a nurse that her husband's daughter and grandson had come and got him, which was simply not true.  In addition, other VA Medical Center representatives told her false statements regarding her husband.

12.   Given the status of her husband's condition and the fact that no one was knowledgeable about his whereabout, Mrs. Billingsley became extremely worried, stressed and was suffering emotionally because she could not locate her husband.  Subsequently, she contacted the police, posted her husband's photo on social media and posted flyers about her husband.  Mrs. Billingsley and other relatives roamed the streets of  Birmingham looking for her husband.

13.   After enough time had passed without her husband being found, a missing person's report was filed and reported on all Birmingham news stations in hope of her husband being found.  While the search for her husband was pending, Mrs Billingsley could barely sleep, cried regularly, became extremely exhausted and distraught about her missing husband.  However, she continued to search for her husband and sought additional help from Facebook and the Birmingham community.

14.   It was not until July 12, 2018, when Mrs. Billingsley discovered that her prayers had been answered when her son who is a policeman informed that her husband had been found.  She was ecstatic and relieved, although her husband was without his medication for nearly four days and had scars on his back and buttocks area from sleeping in unhabitable conditions.  Still, the

traumatic experience has caused Mr. Billingsley to talk in his sleep and is terrorized about the incident.

15.   Further, Mr. Billingsley's dementia has become more severe since the incident which requires him to have greater medical assistance and a greater dependency on Mrs. Billingsley.

## CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA

16.   Defendant was negligent in one or more of the following ways:

(a)   Defendant failed to timely and properly care for Jerome Billingsley;

(b)   Defendant failed to timely and properly treat Jerome Billingsley;

(c)   Defendant failed to timely and properly monitor Jerome Billingsley; and

(d)   Defendant failed to provide a continuous sitter to attend to and watch Jerome Billingsley around the clock.

17.   At all times relevant to this lawsuit, the officers, employees, agents, or representatives of the United States were negligent and causative of the injuries and damages sustained by the Plaintiffs.

## DAMAGES

18.   As a result of Defendant's negligence, the Plaintiffs have suffered, and continue to suffer severe injuries, including past and future physical and mental pain and suffering; past and future medical, healthcare, and attendant care expenses; loss of enjoyment of life; loss of earning capacity; and out of pocket expenses and other pecuniary losses.  Plaintiffs bring this suit to recover all damages cognizable under the applicable state and federal law resulting from the injuries to them.

19.   In addition, Mr. Billingsley seeks recovery of all other damages to which he is entitled pursuant to the applicable state and federal laws.

20.   As the wife to Mr. Billingsley, Patricia Billingsley individually incurred damages, including:

> (1) Past and future mental anguish;

> (2) Past and future loss of household services;

> (3) Attendant care to the time of trial;

> (4) Loss of consortium with her husband;

> (5) Out-of-pocket expenses; and

> (6) Other pecuniary damages.

In addition, Patricia Billingsley seeks recovery of all other damages to which she is entitled pursuant to applicable state and federal laws.

## RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully request that the Defendant be cited in terms of law to appear and answer hereto; that upon final trial and hearing hereof, Plaintiffs have judgment against the Defendant, for the amount of actual damages, and for such other and different amounts as they shall show by proper amendment before trial, for post judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other and further relief, at law and in equity, both general and special, to which the Plaintiffs may show themselves entitled and to which the Court finds to be deserving.

Respectfully Submitted,

/s/Victor R. Spencer
Victor R. Spencer (SPE029)
Attorney for Plaintiffs
Alabama State Bar No: ASB-6470-N77V
3026 Ensley Avenue
Birmingham, AL 35208
Telephone: (205) 780-3300
Email: vrs_esq@bellsouth.net